# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00208-RJC-DSC

| | |
|---|---|
| HAEHUN RYU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM BARR et.al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court following pro se Plaintiff's failure to respond to the Court's "Order" (document #8) entered October 4, 2019 and "Federal Defendants' Motion to Dismiss" (document #7) filed September 16, 2019.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for the Court's consideration.

Plaintiff's response to the Motion to Dismiss was initially due on September 30, 2019. When Plaintiff failed to respond, the Court ordered Plaintiff as follows:

> On or before November 7, 2019, Plaintiff shall file a response to "Federal Defendants' Motion to Dismiss" (document #7) and SHOW CAUSE why the Complaint should not be DISMISSED for failure to prosecute this action. Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in DISMISSAL of this case WITH PREJUDICE.

Document #8 at 2 (emphasis in original).

The District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Since dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Plaintiff has failed to respond to the Motion to Dismiss as well as this Court's Order. Accordingly, the undersigned finds that any sanctions short of dismissal would not be effective.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, as well as those stated in Defendants' briefs, the undersigned respectfully recommends that the "Federal Defendants' Motion to Dismiss" (document #7) be **GRANTED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir.

1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to the pro se Plaintiff, to defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: November 14, 2019

David S. Cayer
United States Magistrate Judge